L. C. GILMORE v. JOHN A. GILMORE AND E. E. GILMORE, *Administrators*.

No. 206.

1. APPELLATE PROCEDURE—*instructions all considered together, and incompleteness or inaccuracy of one not ground for reversal, if as a whole correct.* In determining the correctness of instructions, all must be considered together; and, if they state the law correctly, the fact that some particular instruction or part of an instruction is incomplete or inaccurate is not ground for a reversal.

2. ——— *if fair trial, no reversal for instructions refused or given not affecting preponderance of evidence.* Where it appears from the record that a case has been fairly tried, and the verdict is sustained by the greater weight of evidence, it will not be set aside because of the improper giving or refusing of instructions not affecting the preponderance of the evidence.

454      GILMORE v. GILMORE.

S. Dept.      Opinion. Schoonover, J.      6 Kan. App.

Error from Miami District Court. Hon. John T. Burris, Judge. Opinion filed September 20, 1897. *Affirmed.*

*B. F. Simpson* and *W. H. Browne,* for plaintiff in error.

*W. A. Johnson, J. G. Johnson* and *J. C. Sheridan,* for defendants in error.

SCHOONOVER, J. E. Gilmore died on the thirteenth day of April, 1892, leaving eight children. Shortly after arriving at age, seven of the eight children received of their father land and property of the designated value of two thousand dollars, for which they signed receipts, on one sheet of paper, as follows :

"MILLERSBURGH, July, 1861. Received of Ephraim Gilmore two thousand dollars in land and personal property. (Signed)      W. H. H. GILMORE.

"MILLERSBURGH, July, 1861. Received of Ephraim Gilmore two thousand dollars in land and personal property. (Signed)      ROBERT N. GILMORE.

"MILLERSBURGH, September 27, 1865. Received of Ephraim Gilmore two thousand dollars in land and personal property. (Signed)      JOHN A. GILMORE.

"MILLERSBURGH, January 18, 1867. Received of Ephraim Gilmore two thousand dollars in land and personal property. (Signed)      JAS. E. GILMORE.

"MILLERSBURGH, January 15, 1868. Received of Ephraim Gilmore two thousand dollars in land and personal property. (Signed)      ANN E. KIDDOO.

"JANUARY 1, 1868. Received of Ephraim Gilmore two thousand dollars in land and personal property. "(Signed)      EDWIN GILMORE.

"April 1, 1872. Received of Ephraim Gilmore two thousand dollars in land and personal property. "(Signed)      E. E. GILMORE."

This paper was indorsed as follows :

" Receipts of W. H. H. Gilmore and Robt. Gilmore."
" Receipts of the children for property."

These receipts and indorsements are shown to be in the handwriting of E. Gilmore, deceased. The signatures are shown to be in the handwriting of the seven oldest children of the deceased. All his children except L. C. Gilmore, this plaintiff in error, the eighth and youngest, signed receipts.

On the seventeenth day of September, 1894, L. C. Gilmore, plaintiff in error, applied to the Probate Court of Miami County for a distribution of the personal property, the assets of the estate of E. Gilmore, deceased. Plaintiff in error claimed of the defendants in error, as administrators of the estate of E. Gilmore, deceased, the sum of two thousand dollars ; alleging that E. Gilmore in his lifetime advanced to the seven children two thousand dollars each, in land and personal property, and that no such advancement was made by the father, E. Gilmore, to L. C. Gilmore, the plaintiff in error. The defendants claimed that if advancements were made by the father in his lifetime to the seven oldest children, as claimed by the plaintiff, advancements were also made by the father in his lifetime, to the plaintiff for an equal sum, or more. In support of this theory, evidence was introduced tending to prove that plaintiff in error received from his father one hundred and sixty acres of land in Johnson County, Missouri, near Holden, of the value of thirty-five hundred dollars, and some personal property ; that the land deeded to plaintiff was the same land that had formerly been conveyed by E. Gilmore to his son E. E. Gilmore, for which he had given a receipt to his father for two thousand dollars ; that the land was conveyed by E. E. Gilmore directly

456        GILMORE v. GILMORE.

S. Dept.          Opinion.    Schoonover, J.          6 Kan. App.

to L. C. Gilmore, under an arrangement between E. E. Gilmore and his father; that it was understood by all the children, and by the plaintiff in error, when this land was conveyed to him, that it made him equal in property to the older children, and that it was conveyed to him, and by him received, on the same terms and conditions upon which the other children had received theirs. The Probate Court made the following order :

"It is further ordered that said administrators distribute and pay to said L. C. Gilmore, the further sum of two thousand dollars, a portion of the distributive share found due said L. C. Gilmore August 28, 1894."

The administrators, being dissatisfied with the order and decision of the Probate Court, appealed therefrom to the District Court, where the case was tried to a jury and resulted in a verdict and judgment for the defendants. The plaintiff brings the case here for review.

It is contended by plaintiff, "that the court erred in not properly instructing the jury as to the legal characteristics of an advancement and a gift; that the execution of the paper [receipts] admitted in evidence being proved, and not denied or disputed, it was the duty of the court to give the jury its legal effect by fair construction, which was not done." The written instrument in this case was the seven different receipts written on one sheet of paper, as set forth in this opinion. There is nothing in the receipts to indicate that the property was given by way of advancement. From the face of the receipts, without the circumstances under which they were given, it could not be determined for what purpose the property was given. We think the trial court fully informed the jury as to

the law and sufficiently covered the objections raised by plaintiff in error, in the following instructions.:

"2. A man who is the owner of property has the legal right to make such disposition of that property as he chooses. He may give his property outright to all of his children, or any number less than all; he may make advances of portions of his property to all of his children, or any number less than all, if he chooses to do so, and he may give outright to some of his children and make advances to others of his children.

"3. Property given by a father to a child or children by way of advancement, is to be accounted for by such child or children on the final distribution of the estate, with this qualification; that no property or money, given to a child or children by way of advancement, can be required to be returned or paid back, but, before such child or children receive upon the distribution of the estate, the child or children who have not received such advancements must first be made equal to those who have.

"4. It is always a question of fact for the jury to determine, in any given case where property has been given to a child, whether that was a gift outright and unconditional or whether it was an advancement to the child."

"6. You have a right to take into consideration all the circumstances of this case, as established by the evidence. You have a right to take into consideration the course adopted by E. Gilmore with reference to his property and his children, and all the transactions with them, as disclosed by the evidence. You have heard all the evidence in this case. The receipts of the seven children, which have been read in evidence, acknowledging, each, the receipt of two thousand dollars in land and personal property and bearing dates running from 1861 to 1872, are *prima facie* evidence of the receipt, by those children respectively, of the amounts stated in the receipts. The absence of any such receipt so far as the plaintiff is concerned, is also a matter to be considered by the jury.

458    Gilmore v. Gilmore.

S. Dept.         Opinion.    Schoonover, J.         6 Kan. App.

"7. If you find from the evidence that the quarter-section of land in Johnson County, Missouri, testified to by the witnesses in this case, and certain personal property, claimed to have been received by L. C. Gilmore from E. Gilmore — if you find that that land and personal property was intended by E. Gilmore, the owner, as an advancement to L. C. Gilmore, then it was an advancement and is a bar to his right to recover in this action. If you find by a preponderance of the evidence that that quarter-section of land and any personal property which L. C. Gilmore may have received from E. Gilmore was a gift — was a donation outright — was so intended by E. Gilmore when he conveyed the land and gave the personal property, then it was a gift and not an advancement. The legal rights of the parties are determined by the facts of the case, and you are the judges of the facts. This case turns largely upon the intention of E. Gilmore in causing to be conveyed to L. C. Gilmore the quarter-section of land in Missouri and the personal property testified to as having been received by L. C. Gilmore."

Other instructions, correct in point of law and conforming to the facts, were given. The plaintiff in error excepted to each and all of them, and now insists that the fourth and seventh are clearly erroneous. In his brief he says: "A gift and an advancement each possess certain distinguishing legal characteristics; and when the facts are developed so that it is plain that it is one or the other, the court is bound to so instruct. If there is doubt, he must tell the jury the difference, and then it is their duty to determine whether it is a gift or an advancement."

In determining the correctness of the instructions, all must be considered together, and, if they state the law correctly, the fact that some particular instruction or part of an instruction is incomplete or inaccurate is not ground for a reversal.

On the whole record, it appears that on the merits this case was fairly tried. We think the verdict is sustained by the greater weight of the evidence, and cannot be set aside because of the improper giving or refusing of instructions not affecting the preponderance of the evidence.

Other objections are made. by plaintiff in error, but they are not sufficient to require a reversal of this case.

The judgment will be affirmed.