L. C. GILMORE *et al.* v. J. A. GILMORE AND E. E. GILMORE, *Administrators inter.*

**No. 10351.**

1. ADMINISTRATION—*remaining administrators entitled to the estate's funds in removed administrator's hands, pending litigation on claim presented by him.* J, E, and L, were joint administrators of an estate. L, who had possession of all the funds, was removed from the administration by the probate court. Three claims presented by him against the estate having been passed on by the probate court were appealed to the District Court. J and E, as the remaining administrators, brought this suit against him to recover the funds in his hands. The case was tried before the appeals were determined, and a judgment rendered against him for all the funds in his hands. *Held,* that the remaining administrators were entitled to the possession of the funds belonging to the estate pending the litigation on the other claims; and that, as neither party asked to have the contested claims determined in this action, the court committed no error in rendering judgment for the full amount of the assets in the hands of the defendants, leaving the contested claims to be determined in the separate actions pending on appeal.

2. APPELLATE PROCEDURE—*pendency of motion for rehearing in Court of Appeals does not extend period for discretionary order for review by Supreme Court.* The pendency in the Court of Appeals of a motion for a rehearing of a case decided in that court, does not operate to extend the sixty days within which a discretionary order to certify a case to this court for review may be made, but the petition for such certification must, under the rules of this court, be filed within forty days after the judgment is first entered, unless a rehearing is, in fact, granted.

Error from Miami District Court. John T. Burris, Judge. Opinion filed January 8, 1898. *Affirmed.*

*W. H. Browne*, for plaintiffs in error.

*Johnson & Johnson* and *Sheridan & Sheridan*, for defendants in error.

ALLEN, J.    J. A. Gilmore, E. E. Gilmore and L. C. Gilmore were joint administrators of the estate of their father, E. Gilmore, deceased.    The defendant, L. C. Gilmore, was removed from the administration by an order of the probate court, which on appeal to the District Court was affirmed.    L. C. Gilmore was the cashier of the National Bank of Paola, the other defendant in the case.    He had received $12,841.19 of the assets of the estate, which he deposited in the bank.    After he was removed as administrator, the plaintiffs, as the remaining administrators, demanded from him and the bank the funds belonging to the estate.    Payment was refused.    Thereupon, this action was brought in the District Court of Miami County.    From the amount received, the defendants had paid out, pursuant to the orders of the probate court, $8741.95, leaving a balance of $4099.24.    The District Court gave judgment in favor of the plaintiffs against the defendants for this balance.    The defendants claimed the right to retain this fund, on the ground that L. C. Gilmore was entitled to two thousand dollars out of the estate, in addition to his distributive share, to equal advancements made to the other heirs.    The probate court allowed the claim.    The administrators appealed from the allowance.    He also claimed $1648.40 as one-half of the amount paid by him on a promissory note on which he and his father were co-sureties of the maker.    The probate court also allowed this demand, and the administrators appealed from the allowance.    There was a third claim, covering the balance of the funds in his hands, also in litigation in

another action. The merits of these claims were not tried in this case, but the appealed cases were separately tried, and afterwards two of them were taken to the Court of Appeals for review, where the judgments were affirmed. 6 Kan. App. 453, 922, 50 Pac. 97. Petitions asking the certification of these cases to this court for review, and, also another case between the same parties, from the same court, relating to another matter in litigation between them, have been filed, and a motion submitted in this case to have all of the cases heard together.

The cases were decided by the Court of Appeals on the sixteenth of September last. The petitions to certify were not filed in this court until December 6. Under the statute, a discretionary order to certify can only be made within sixty days after the entry of the final judgment or order in the Court of Appeals. It is true that motions for a rehearing were filed in that court, which were not determined until November 11; but the order sought to be reviewed is that affirming the judgment of the trial court. The petition for a rehearing furnishes no basis for review by this court; the rehearing having been denied. The petitions to certify must, therefore, be dismissed.

2. Period for order for review by Supreme Court not extended, how.

The contention here is that the defendants had a right to retain the funds in their hands pending the litigation of L. C. Gilmore's claims against the estate; and it is urged that he is subjected to duplicate judgments, and is in danger of having to respond twice for the same claim. We find no such difficulty in the case. After the removal of L. C. Gilmore, the remaining administrators were entitled to the possession of the funds of the estate. Perhaps he might have litigated in this action all the claims he had against the estate, if

1. Remaining administrator entitled to funds, when.

some proper practice had been adopted to that end. But the course actually pursued by the parties, without objection, so far as appears from the record, was to try the cases separately. The answer of the defendant was that he had distributed the estate in accordance with the orders of the probate judge. This answer was not sustained by the testimony. He had no authority to pay his own claims until the appeals from the allowance·by the probate court were determined. In the meantime, the administrators were entitled to the funds of the estate. No difficulty is apparent owing to the separate judgments in the different cases.

With reference to the two thousand dollars, it appears that this claim was disallowed. Of course no judgment was rendered against him in that action for the recovery of that sum. In the case in which he claimed $1648.40, he obtained an allowance of $1146.40. The judgment in his favor in that case is a proper set-off against the judgment entered in this case, and he is entitled to credit for it.

The evidence is ample to support the findings of the court. In fact, there is no serious conflict as to the facts. No error is shown in the proceedings of the court, and the judgment is affirmed.